UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARIUS ASHLEY,

                                          Plaintiff,

    vs.
                                                           9:07-CV-182

SERGEANT KRAMER &                                  (DNH/GJD)
SERGEANT BRUNDAGE,

                                          Defendants.
_____

DARIUS ASHLEY, Plaintiff *Pro Se*
ROBERT B. ROCHE, ESQ., For Defendants

GUSTAVE J. DI BIANCO, United States Magistrate Judge

## REPORT-RECOMMENDATION

    This matter has been referred to me for Report and Recommendation by the Honorable David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and LOCAL RULES N.D.N.Y. 72.3(c).

    In this civil rights complaint, plaintiff alleges that the defendants failed to protect plaintiff from assault by other inmates in violation of plaintiff's constitutional rights. (Dkt. No. 1). Plaintiff seeks substantial monetary relief. Presently before the court is defendants' motion for summary judgment pursuant to FED.R.CIV.P. 56. (Dkt. No. 24). Plaintiff has not responded to the motion, despite being given an extension of time to do so. However, based on the deficiencies in the motion itself, this court will recommend denying the motion without prejudice to renewing it on proper papers.

**DISCUSSION**

**1. Procedural Background**

Defense counsel filed his motion for summary judgment on August 28, 2008. (Dkt. No. 24). Attached to the motion are various documents. (Dkt. Nos. 24(1)-24(8)). In reviewing the motion papers, the Clerk noted first, that the motion was made before the incorrect Magistrate Judge,[1] and there was no return date set for the motion. (Dkt. No. 24(1). In a "Text Order," dated August 28, 2008, the Clerk set response and return dates for the motion. This error was just the beginning of the deficiencies in defendants' motion.

**A. Notice**

Perhaps the most significant omission in defendants' motion papers was the failure to simultaneously notify the plaintiff that his failure to oppose defendants' motion could result in a judgment against him. Rule 56.2 of the Local Rules of the Northern District of New York requires a **special notice** to *pro se* litigants, advising them of the consequences of failure to respond to a summary judgment motion. LOCAL RULES N.D.N.Y. 56.2. *See also id.* at 7.1(a)(3)(governing summary judgment motions and specifically citing Rule 56.2). Rule 56.2 specifically provides that the moving party must sent a notice to the *pro se* litigant

> that a motion for summary judgment seeks dismissal of some
> or all of the claims or defenses asserted in their complaint or
> answer and that the *pro se* litigant's failure to respond to the

---

[1] The court understands that plaintiff has another case pending in this district, that is assigned to Chief Judge Mordue and Magistrate Judge Treece regarding a different constitutional claim against Albany County defendants, however, the "notice of motion" was still deficient.

2

> motion may result in the Court entering judgment against the *pro se* litigant.  Parties can obtain a sample notice from the court's webpage . . . .

*Id.*  Because defendants' papers did not contain the appropriate notice, the **Clerk** directed counsel for defendants to provide plaintiff the notice and file an affidavit of service, indicating that counsel had done so. (Text Notice dtd. Aug. 28, 2008).

It is true that after the motion papers were filed defense counsel wrote to the plaintiff.  Plaintiff's counsel wrote two letters to the *pro se* plaintiff, one dated August 22, and the other dated August 29, 2008.  The August 29, 2008 letter was sent to plaintiff in response to the Text Notice and was filed with the court. (Dkt. No. 25).  The August 29th letter contained the August 22 letter as an attachment. *Id.* The August 22 letter gave plaintiff information about the summary judgment motion that had been filed in this case and in *Ashley v. Campbell*. 9:07-CV-166 (NAM/RFT), telling plaintiff how much time he had to respond to the motions. *Id.*  On the second page of the August 22 letter, defense counsel advised plaintiff that if he needed more time to respond, or had any other questions, he should consult the clerk's office since the clerk's staff . . . will answer any pertinent question. *Id.* at p.2.  The August 22 letter did not advise plaintiff about the consequences of plaintiff's failure to respond to the summary judgment motion.

The August 29 letter did tell plaintiff that:

> a motion for summary judgment seeks dismissal of some or all of the claims you have asserted in your complaint.  Your failure to respond to the motion may result in judgment being entered against your claims.

(Dkt. No. 25 at p.1). While the August 29 letter did give the plaintiff some notice about the consequences of failure to respond to the defendants' summary judgment motion, it was not a formal "notice" as required by Rule 56.2. The notice should have been part of the summary judgment papers.

### B. Other Irregularities

There are a number of other procedural irregularities with the defendants' papers The other irregularities include the following:

(1) Defendants statement of material facts does not comply with Local Rule 7.1.

(2) The memorandum of law does not contain numbered pages.

(3) The paragraphs in the affidavits submitted in support of the motion are not numbered.

(4) The memorandum of law has some records attached to it which do not contain an authentication by a custodian of those records.

(5) The affidavit of Mark Kramek does not contain Exhibit F which is referred to in page 4 of defendant Kramek's affidavit. In addition, the pages of the exhibits attached to the Kramek affidavit are not numbered, and several pages of the exhibits (Ex. A through Ex. E) are poor copies and are illegible.

### (i) Statement of Material Facts Pursuant to Rule 7.1(a)(3)

The Local Rules of the Northern District of New York provide that a motion for summary judgment shall include a Statement of Material Facts, "containing each material fact about which the moving party contends there exists no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is

established." Local Rules NDNY 7.1(a)(3).  The Local Rules also provide that "<u>Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in denial of the motion</u>." *Id.* (emphasis in original).

Defendants have filed a Rule 7.1(a)(3)[2] statement which is confusing in some of the "undisputed facts".  For example, paragraph 11 states as follows: "He was wantonly assaulted in the visitor's room (Compl. ¶¶ 16-17)."  This would mean that defendants admit that plaintiff was wantonly assaulted in the visitor's room since this statement is supposed to be defendants' statement of undisputed facts.  There is an obvious error in paragraph 11.  Paragraphs 6 and 7 of the 7.1(a)(3) statement assert two separate facts, and these "undisputed facts" should be separately numbered.

Another puzzling statement is paragraph 8 which states that Ashley (plaintiff) was threatened by the C/O with being written up for "misbehavior", hence he did not request to see "medical".  (Compl. ¶ 5).  Again, this statement is unclear and refers to plaintiff's complaint which could be interpreted as an admission by the defendants of the assertions in paragraph 5 of plaintiff's complaint. Paragraph 5 of the 7.1 statement is also confusing because it contains two separate statements, appearing to claim first, that there is no dispute over plaintiff writing two letters to "CCO Kramek", but then denying that CCO Kramek received any such correspondence.  There is no reference to a page or paragraph of the Kramek affidavit.

---

[2] The statement of material facts is mis-cited by defendants.  They cite to Local Rule 7.1(b).  Rule 7.1(b) governs the timing of dispositive motions.  Rule 7.1(a)(3) governs summary judgment motions specifically and refers to the requirement of a Statement of Material Facts. The court will refer to the correct citation of the rule.

**(ii) Memorandum of Law**

While Local Rule 7.1 does not specifically state that a memorandum of law must contain numbered pages, it does impose a page limit and therefore implicitly requires that the pages be numbered.  Numbered pages, of course, make the court's job easier in reviewing a memorandum of law.  The rule also requires that "[a]ll memoranda of law shall contain a table of contents . . . ." LOCAL RULE 7.1(a)(1).  A table of contents would require citations to the pages of the memorandum.  If this memorandum had contained a table of contents, it may have then contained numbered pages.  However, the memorandum in this case did not contain a table of contents either.

Defendants' memorandum of law also contains six unnumbered pages, identified as "Exhibit A."  These pages appear to be memoranda from a Lieutenant to defendant Kramek and concern lists of grievances for the months July through December, 2005.  Defendants argue in their motion that plaintiff has not exhausted his administrative remedies, and base their argument on this exhibit, which allegedly shows that plaintiff never filed a grievance regarding defendants' alleged conduct.

In ruling on a motion for summary judgment, the court must rely on material that "would be admissible at trial." *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008)(quoting *inter alia Azrielli v. Cohen Law Offices*, 21 F.3d 512, 517 (2d Cir. 1994); FED. R. CIV. P. 56(c)). In this case, defendants merely state in their memorandum of law that Exhibit A consists of the facility's report of formal and informal grievances. Def. Mem. of Law at p.3.  Apparently this report is sent by the Chief Corrections Officer (defendant Kramek) to the New York State Commission on Corrections.  However, this exhibit does not appear to have any authentication by the

6

author or the custodian of records certifying that these are true copies of business records from the Albany County Sheriff's Department. Without proper identification, this exhibit would not be "admissible," and cannot be relied upon in support of the summary judgment motion. Defendant Kramek did file an affidavit, however, this exhibit is not mentioned in defendant Kramek's affidavit. Since a failure to exhaust administrative remedies could dispose of the entire action, the documents in support of that argument should have been properly submitted.

### (iii) Affidavits Generally

Defendants have supplied several affidavits in support of their motion for summary judgment. *None* of the affidavits contain paragraph numbers, making reference to the contents of a particular page very cumbersome. In addition, some of the pages of the numerous exhibits attached to the affidavits are barely legible or completely illegible. If this recommendation is adopted, and defendants re-submit their motion, they should carefully review all of the exhibits to insure that they are properly identified, illegible pages are recopied, and the brightness or darkness of the copy is adjusted to make the copy legible.

### (iv) Affidavit of Mark E. Kramek

As stated previously, Exhibit F to the Kramek affidavit is missing, there are no page numbers on the lengthy exhibits attached to the Kramek affidavit, and a few pages are barely legible or illegible. All of these oversights should be carefully corrected on any re-submission.

**(v) Affidavit of Robert P. Roche**

Defense counsel's affidavit refers to various exhibits (Exhibit A and E of the Kramek affidavit). This court notes that Exhibit E of the Kramek affidavit contains about 20 unnumbered pages, and the court should be given a better reference to the "facility incident report," rather than a reference to 20 unnumbered pages. This also applies to Exhibit B of the Kramek affidavit which is referenced in counsel's affidavit. Exhibit B of the Kramek affidavit contains 14 unnumbered pages, and this court should not be required to read all 14 pages to search for the "facility investigation".

The Local Rules specifically state that "[t]he court shall not consider any papers required under the Rule that are not . . . in compliance with this Rule unless good cause is shown." LOCAL RULE N.Y.N.D. 7.1(b)(3). Defendants have not shown any cause for their failure to proceed in accordance with the Local Rules. While it is true that plaintiff did not respond to the summary judgment motion, the burden is on the moving party initially to show that there is no genuine issue of material fact. *Major League Baseball Props., Inc.*, 542 F.3d at 309. If the moving party does not sustain its burden, plaintiff's failure to respond will not result in dismissal of the action. *Vermont Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004). Here the moving party has simply failed to proceed according to the rules of this court, and has made it very difficult to review the case according to the appropriate standard.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 24) be **DENIED WITHOUT PREJUDICE TO RE-SUBMISSION IN ACCORDANCE**

**WITH THE LOCAL RULES**, including proper notice to the *pro se* plaintiff.[3]

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: March 17, 2009

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

---

[3] A sample notice may be found on the Northern District of New York website, under the section entitled "Representing Yourself in Federal Court."